IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

FELMAN PRODUCTION, INC.,
a Delaware corporation,

        Plaintiff,

v.                              CIVIL ACTION NO. 3:09-0481

INDUSTRIAL RISK INSURERS,
an unincorporated association, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

    Pending before the Court is Defendant, Swiss Reinsurance America Corporation's ("Swiss Reinsurance"), Motion to Dismiss (Doc. 9). For the reasons set forth below, the motion is **DENIED.**

**Background**

    Plaintiff, Felman Production, Inc. ("Felman"), a Delaware corporation, owns and operates a metals plant ("Plant") in New Haven, West Virginia, which produces silicon-manganese for resale to steelmakers. The Plant houses three furnaces, Furnaces #2, #5, and #7, each of which is capable of independently smelting its silicon-manganese product. On February 23, 2008, Felman purchased a commercial property insurance policy ("Policy") for the Plant from Industrial Risk Insurers ("IRI"), an unincorporated association. The Policy covered, in pertinent part, property damage and business interruption loss associated with the Plant's operations. This Policy was effective from February 23, 2008, until February 28, 2009.

    On or about April 27, 2008, a transformer supplying power to Furnace #2 at the Plant failed. The failure rendered the furnace inoperable and resulted in physical damage to the structure as well

as business interruption loss. On May 9, 2008, Felman reported the failure to IRI, seeking coverage under its policy. After approximately one year of inconclusive coverage discussions, on May 1, 2009, Felman filed this suit. As defendants, Felman named IRI, Swiss Reinsurance, and Westport Insurance Company ("Westport"). The latter two, Swiss Reinsurance and Westport, are member companies of IRI's unincorporated association. Felman claims that each of these three entities is directly liable to it for: (1) breach of IRI's insurance contract with Felman, and (2) damages arising out of IRI's bad faith failure and/or refusal to discharge its responsibilities under the Policy.

### Swiss Reinsurance's Motion to Dismiss

According to Swiss Reinsurance, Swiss Reinsurance is the reinsurer of IRI's insurance contract with Felman, not the original insurer. Thus, Swiss Reinsurance moves to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that, as a typical reinsurer: (1) Swiss Reinsurance did not directly enter into a contract with Felman sufficient to establish liability, and (2) there is no privity of contract between Swiss Reinsurance and Felman. In short, Swiss Reinsurance argues that because it is a reinsurer Felman fails to state a claim against it upon which relief can be granted.

### Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint "must be enough to raise a right to relief above the speculative level and must provide enough facts to state a claim to relief that is plausible on its face." *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)) (internal quotations omitted). When considering a motion to dismiss, a court "accepts as true all well-plead allegations and views the complaint in the light most favorable to the plaintiff." *Sec. of State for Defence v. Trimble*

*Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *see also Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). Additionally, the court "may consider documents attached to the complaint as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Trimble*, 484 F.3d at 705.[1]

## Analysis

Felman's claims arise out of its insurance contract with IRI. Swiss Reinsurance argues that it cannot be held directly liable for Felman's allegations because it is not an insurer under the contract. Instead, Swiss Reinsurance contends that it operates as a reinsurer of Felman's policy, with no direct contractual obligations under the Policy or privity with Felman.

Generally, an insured party cannot maintain a direct action against a reinsurer because the insured is neither a party to the reinsurance policy nor in privity therewith. *Couch on Insurance* § 9:30 (3d ed. 2009); *see, e.g., Higginbotham v. Clark*, 432 S.E.2d 774, 780 (W. Va. 1993) ("Where a typical reinsurance contract is involved, there is not privity ... between the original insured and the reinsurer; as a result, it is generally recognized that the original insured cannot recover directly from the reinsurer.") (internal quotations omitted); *United States to Use of Colonial Brick Corp. v. Fed. Surety Co.*, 72 F.2d 964, 967 (4th Cir. 1934). However, there are a few exceptions to this well-established rule. *Id.* A reinsurer may become directly liable to the insured based on the terms of the reinsurance contract. *Id.* (finding reinsurance contracts can be drafted to provide for direct liability on the part of the reinsurer where the original insured is a third-party beneficiary to the contract and/or the reinsurer expressly assumes liability); *see also Delp v. Missouri State Life Insur.*

---

[1]In this case, the Court considers the insurance contract at issue, which was attached to Felman's complaint as well as to Swiss Reinsurance's motion.

*Co.*, 182 S.E. 580, 581 (W. Va. 1935) ("The effect of a strictly technical contract of reinsurance is merely to indemnify the original insurer, and accordingly the policy holder is not in privity with the contract and may not sue the reinsurer by reason thereof; but where the contract of reinsurance is to pay the policy holder the amount of any loss which may accrue, it is generally held that the policy holder may sue the reinsurer on the policy."). A reinsurer may also become directly liable to the insured via conduct; generally by directly handling an insured's claim. *See Klocker Stadler Hurter Ltd. v. The Insur. Co. of Penn.*, 785 F.Supp. 1130, 1134 (S.D. N.Y. 1990) (finding a reinsurer that directly handled an insured's claim is directly liable to that insured); *Allstate Insur. Co. v. Administratia Asigurariloar De Stat*, 948 F.Supp. 285 (S.D. N.Y. 1996) (same); *Venetsanos v. Zucker, Facher & Zucker,* 271 N.J. Super 459 (N.J. Super. 1994) (same). Therefore, the pertinent question in this motion is whether Swiss Reinsurance is a typical reinsurer protected from liability, or whether it: (1) established a different role for itself under the original insurance contract with Felman, or (2) relinquished its status as a reinsurer by the terms of the reinsurance contract or by directly participating in Felman's adjustment process.

Although the question remains open, the Court **FINDS** that it need not determine whether, if Swiss Reinsurance had been a typical reinsurer under Felman's policy, the company would have relinquished its status as such through the terms of the reinsurance contract or through participation in Felman's adjustment. Instead, the Court **FINDS** that the terms of the original insurance contract are ambiguous as to Swiss Reinsurance's role under the Policy and, thus, that it was reasonable for Felman to expect Swiss Reinsurance to act as a direct insurer and to join Swiss Reinsurance as a defendant in the instant suit.

In West Virginia, an insurance policy should be interpreted according to the plain, ordinary

meaning of the language used. Syl. Pt. 2, *Glen Falls Insur. Co. V. Smith*,617 S.E.2d 760 (W. Va. 2005). Further, "[w]henever the language of an insurance policy provision is reasonably susceptible of two different meanings or is of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning, it is ambiguous." *Id.* at Sly. Pt. 3. An ambiguous provision in an insurance policy is then "construed strictly against the insurer and liberally in favor of the insured." *Id.* at Syl. Pt. 4; *see, e.g.,* Syl. Pt. 6, *Hambric v. Doe,*499 S.E.2d 619 (W. Va. 1997); *Marson Coal Co. V. Insur. Co. of State of Penn.*, 210 S.E.2d 747 (W. Va. 1974). This is because "[w]ith respect to insurance contracts, the doctrine of reasonable expectations is that the objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations." Sly. Pt. 9, *Murray v. State Farm Fire & Casualty Co.*, 509 S.E.2d 1(W. Va. 1998).

In the instant case, the parties disagree as to whether Swiss Reinsurance constitutes an original insurer under, or a reinsurer of, Felman's policy. To determine this issue, the Court looks to the language of the Policy. As evidence of its role as a reinsurer, Swiss Reinsurance points to the pages entitled, "Syndicate Policy," where Westport is identified as the insurer of the policy and Swiss Reinsurance is identified as the reinsurer. Doc. 1-2, pages 7 & 8. These pages are attached to the complaint as part of the Policy and are signed by representatives of both Westport and Swiss Reinsurance. Conversely, as evidence of Swiss Reinsurance's role as an original insurer, Felman points to: (1) each of the additional signature lines provided in the Policy, which are signed by the "Attorney-In-Fact and Chief Underwriting Officer" of "The Member Companies of Industrial Risk Insurers," *Id.* at 11, 15 & 17; (2) the fact that the insurer is referred to as "the Companies" throughout the Policy, *see generally id.*; (3) the fact that "the Companies" is defined as "[t]he

members of Industrial Risk Insurers ... as hereby applicable to this policy," *Id.* at 45; and (4) the fact that the "Insurer" is identified as "Industrial Risk Insurers" in the body of the Policy. *See id.* at 18.

Swiss Reinsurance and Westport are two of the two member companies in the unincorporated association known as Industrial Risk Insurers. In its complaint, Felman alleges that it "purchased a commercial Property Insurance Policy issued by the Insurers," Doc. 1, page 3, ¶ 11, which it identifies IRI, Westport and Swiss Reinsurance. *Id.* at 1. Based on the abovementioned evidence, the Court **FINDS** that the Policy is, at a minimum, ambiguous as to Swiss Reinsurance's role. The insurance contract must therefore be construed against Swiss Reinsurance and liberally in favor of Felman. *See, e.g., Glen Falls Insur. Co.* at Syl. Pt. 4. Thus, when viewed in the light most favorable to Plaintiff, the complaint provides sufficient facts to state a plausible claim that Swiss Reinsurance is directly liable to Felman under the Policy. *See, e.g., Sec. of State for Defence*, 484 F.3d at 705; *Robinson*, 551 F.3d at 222. Accordingly, Swiss Reinsurance is an appropriate defendant in the instant suit and the motion to dismiss is **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: October 19, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE