IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

FELMAN PRODUCTION, INC.,
a Delaware corporation,

                Plaintiff,

v.                                                    CIVIL ACTION NO. 3:09-0481

INDUSTRIAL RISK INSURERS,
an unincorporated association, et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants Industrial Risk Insurers ("IRI"), Westport Insurance Company ("Westport") and Swiss Reinsurance America Corporation's ("Swiss Reinsurance") Motion For Reconsideration of Court's Amendment of Scheduling Order (Doc. 68) and Motion For Rule 16 Interim Pretrial Conference (Doc. 64). For the reasons set forth below, both motions are **DENIED.**

### Background

Plaintiff, Felman Production, Inc. ("Felman") owns and operates a metals plant ("Plant") in New Haven, West Virginia, which produces silicon-manganese for resale to steelmakers. On February 23, 2008, Felman purchased a commercial property insurance policy ("Policy") for the Plant from Industrial Risk Insurers ("IRI"), an unincorporated association. The Policy was effective from February 23, 2008, until February 28, 2009, and covered, in pertinent part, property damage and business interruption loss associated with the Plant's operations.

Felman currently seeks coverage under the Policy for a transformer failure that occurred at

the Plant on or about April 27, 2008. As defendants in the suit, Felman names IRI, Swiss Reinsurance, and Westport, claiming that each of the entities is directly liable to it for: (1) breach of the insurance contract, and (2) damages arising out of bad faith failure and/or refusal to discharge its responsibilities under the Policy.

Swiss Reinsurance and Westport, are two of the two member companies of IRI's unincorporated association. The parties agree that IRI issued the underlying policy to Felman and that Wesport is an original insurer under the contract. The parties disagree, however, as to whether Swiss Reinsurance constitutes an original insurer under, or a reinsurer of, Felman's policy. Accordingly, on June 8, 2009, Swiss Reinsurance filed a motion to be dismissed from this action on the grounds that it is the reinsurer of IRI's insurance contract with Felman, not the original insurer. In a Memorandum Opinion and Order entered on October 19, 2009, the Court denied Swiss Reinsurance's motion; finding that the terms of Felman's insurance contract are ambiguous as to Swiss Reinsurance's role under the Policy and that Swiss Reinsurance is therefore an appropriate defendant in the instant litigation. All three defendants are represented by William R. Slicer, Christopher J. Sears, and Heather B. Osborn of Shuman, McCuskey & Slicer, PLLC, of Charleston, West Virginia.

**Defendants' Motion For Reconsideration of Court's Amendment of Scheduling Order**

Defendants request the Court reconsider the amendment to the August 26, 2009, Scheduling Order (Doc. 31) that it entered on October 26, 2009 (Doc. 67). The Order, a response to Plaintiff's Motion For Clarification of Scheduling Order (Doc. 66), amended the Scheduling Order, which originally read:

> Each *party* may conduct or submit 15 depositions of fact witnesses; 20 interrogatories; and 20 requests for admission. Parties may exceed these limits only by agreement or with leave

of the Court;

to read:

> Each *side* may conduct or submit 15 depositions of fact witnesses; 20 interrogatories; and 20 requests for admission. Parties may exceed these limits only by agreement or with leave of the Court.

Such amendment – as explained by the Court – was consistent with the Court's original intent.

The Federal Rules of Civil Procedure govern discovery in the instant case. Rule 26(b) outlines the permissible scope of discovery, including limitations on the frequency and extent of discovery, *See* Fed. R. Civ. P. 26(b)(1) & (b)(2), and Rules 30 and 33, respectively, provide the number of depositions and interrogatories that may be taken or served without leave of the Court.[1] *See* Fed. R. Civ. P. 30(a) & 33(a)(2). Specifically, Rule 30(a) provides that "a party" may depose up to ten persons without leave of the Court, Fed. R. Civ. P. 30(a), and Rule 33(a)(1) provides that "a party" may serve on any other party up to 25 written interrogatories, unless otherwise stipulated or order by the Court. Fed. R. Civ. P. 33(a).

The question presented by Defendants' motion for reconsideration is whether, when drafting the original August 26, 2009, Scheduling Order, the Court intended its limitations on the numbers of depositions, interrogatories and requests for admission to serve as per-party or per-side limits. In its motion, Defendants cite the transcript of the August 24, 2009, Scheduling Conference as evidence that the aforementioned amendment to the Scheduling Order, which establishes per-side limits, is inconsistent with the Court's comments regarding the complexity of the case and/or the

---

[1] There is no numerical limit for requests for admission set in the federal rules. *See* Fed. R. Civ. P. 36.

federal rules. *See Defs.' Mot. For Recons., ¶* 1 & 5. The Court, however, is unconvinced.

## Depositions

Rule 30(a)(1) provides that "[a] party may ... depose any person ... without leave of the court except as provided in Rule 30(a)(2)," which states that "[a] party must obtain leave of the court ... if the parties have not stipulated to the deposition and ... the deposition would result in more than 10 depositions being taken[.]" Fed. R. Civ. P. 30(a)(1) & (a)(2). Defendants argue that, based on the plain language of the rule, each defendant is entitled to a total of 10 depositions, meaning the defendants would be entitled to 30 depositions collectively. *See Defs.' Mot. For Recons., ¶* 4 & 5. Therefore, Defendants argue that interpreting the "a party" language in the original scheduling order to create a per-side limit would (1) reduce the number of depositions below the standard set in the federal rules and (2) be contrary to the Court's acknowledgment that the instant case is a complex and requires additional discovery. *Id.* at ¶ 1 & 5. Defendants, however, misconstrue the "a party" language used in the federal rules and repeated by this Court in the original scheduling order.

As amended in 1993, Rule 30(a)(2)(A) set a limit of ten depositions per side, not per party. *See, e.g.,* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2104 (3d ed.) ("Rule 30(a)(2)(A) now sets out a limit of ten depositions per side[.]"); Fed. R. Civ. P. 30 advisory committee's note (1993) ("Subdivision (a) ... Paragraph (2)(A) is new. It provides a limit on the number of depositions the parties may take, absent leave of court or stipulation with other parties. One aim of this revision is to assure judicial review under the standards stated in Rule 26(b)(2) before *any side* will be allowed to take more than ten depositions in a case without agreement of the other parties.") (emphasis supplied). This per-side limit reflects the federal rules' policy of promoting cost-effective discovery; a policy which explicitly seeks to

minimize the burden and expense imposed by discovery by avoiding unreasonable duplication and/or other cumulative efforts. *See, e.g.,* FRCP 26(b)(2)(C); Fed. R. Civ. P. 30 advisory committee's note (1993) ("In multi-party cases, the parties on any side are expected to confer and agree as to which depositions are most needed, given the presumptive limit on the number of depositions they can take without leave of court.").

All three defendants in this case are sufficiently related to warrant a per-side limitation on depositions, interrogatories and requests for admission. *See, e.g.,* Wright, Miller & Marcus, *supra*, § 2104 ("[In] most cases it should not be difficult to determine which parties are considered to be a "side" for purposes of this rule ... one sensible interpretation is to look to whether the parties on a given "side" are so aligned, at least in terms of the issues raised and their positions on those issues (as distinguished from strategic considerations) that they could not be expected to cooperate on a common discovery strategy."). Here, all three defendants share a corporate relationship and are party – either as an original insurer, a reinsurer or both – to the contract at issue. All three defendants share counsel. Further, it appears to the Court that the complexity inherent in this case depends, in large part, upon the difficulty of determining Plaintiff's business loss damages; an issue where all defendants' interests are aligned. *Id.* Each of these factors support per-side limits with respect to discovery. Moreover, these factors were considered by the Court when drafting its original scheduling order and when devising the per-side limits established therein. These per-side limits are consistent with the Court's authority to alter the limits on the number of depositions allowed, *see* Fed. R. Civ. P. 26(b)(2)(A), as well as with the policy considerations established by the federal rules. *See* Fed. R. Civ. P. 26(b)(2)(C). Accordingly, Defendants' motion for reconsideration with regard to the number of depositions provided for in the amended scheduling order is **DENIED.**

If either side seeks additional depositions, it must do so by leave of the Court, on an as-needed basis.

### Interrogatories and Requests for Admission

Similar to its authority to limit the number and length of depositions, the Court possesses the discretion to limit the numbers of interrogatories and requests for admission allowed in given case. *See* Fed. R. Civ. P. 26(b)(2)(A). In the original scheduling order, the Court exercised such authority and established a per-side limit on both discovery tools. Such limits are consistent with the text and policy of the federal rules. *See* Wright, Miller & Marcus, *supra*, § 2168.1 ("The best result would seem to be to recognize that in some instances nominally separate parties should be considered one party for purposes of the 25-interrogatory limitation."). Accordingly, and for the reasons set forth above, Defendants' motion for reconsideration with regard to the number of interrogatories and requests for admission provided for in the amended scheduling order is **DENIED.** If either party seeks additional interrogatories or requests, it must do so by leave of the Court, on an as-needed basis.

### Defendants' Motion For Rule 16 Interim Pretrial Conference

Defendants' motion for an interim pretrial conference is **DENIED** as premature. The Court **ORDERS** the parties to continue to work to resolve discovery disputes without court intervention and expects both sides to comply with the time and numerical limitations established in the August 26, 2009, Scheduling Order, as amended on October 28, 2009. Any specific discovery issues the parties are unable to resolve by mutual agreement shall be brought to the Court's attention by formal motion.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:       November 3, 2009

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE