IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

FELMAN PRODUCTION, INC.,
a Delaware corporation,

                      Plaintiff,

v.                                              CIVIL  ACTION  NO.  3:09-0481

INDUSTRIAL RISK INSURERS,
an unincorporated association, et al.,

                      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Mt. Hawley Insurance Company's ("Mt. Hawley") Motion to Intervene (Doc. #75) and Defendants' Motion to Amend Scheduling Order (Doc. #85). For the reasons set forth below, Mt. Hawley's motion to intervene is **GRANTED** and Defendants' motion to amend is **DENIED as moot.**

### Background

Plaintiff, Felman Production, Inc. ("Felman"), a Delaware corporation, owns and operates a metals plant ("Plant") in New Haven, West Virginia, which produces silicon-manganese for resale to steelmakers. The Plant houses three furnaces, Furnaces #2, #5, and #7, each of which Felman asserts is capable of independently smelting its silicon-manganese product. On February 23, 2008, Felman purchased a commercial property insurance policy ("IRI Policy") for the Plant from Industrial Risk Insurers ("IRI"), an unincorporated association. The IRI Policy covered, in pertinent part, property damage and business interruption loss associated with the Plant's operations. This policy was effective from February 23, 2008, until February 28, 2009, and had a policy limit of

$25,000,000.  In addition to the IRI Policy, Felman purchased an excess insurance policy for the Plant from Mt. Hawley ("Mt. Hawley Policy").  The Mt. Hawley Policy was also effective from February 23, 2008, until February 28, 2009, and had a policy limit of $10,000,000.

On or about April 27, 2008, a transformer supplying power to Furnace #2 at the Plant failed.  The failure rendered the furnace inoperable and resulted in physical damage to the structure as well as business interruption loss.  On May 9, 2008, Felman reported the failure to IRI, seeking coverage under its policy.  Then, on or about August 22, 2008, Felman submitted a Proof of Loss to IRI in which it informed the primary insurer that it expected the repairs to the Furnace #2 transformer to take approximately eight months and to cost more than $1,200,000.  *Pl.'s Compl.* (Doc. #1), ¶19.  Also in its Proof of Loss, Felman informed IRI that it anticipated the business interruption loss it would suffer over the eight-month repair period to be in excess of $38,000,000.  Taken together, this meant Felman expected a total covered loss in excess of $39,000,000.  *Id.*

On or about August 13, 2008,  Felman tendered a claim arising out of the April 27, 2008, furnace failure to Mt. Hawley.  Mt. Hawley received a copy of the Proof of Loss Felman provided to IRI, from IRI, on October 2, 2008.  Then, on October 21, 2008, Mt. Hawley sent a letter to Felman (1) acknowledging its receipt of Felman's Proof of Loss, and (2) expressly reserving all rights and defenses it might have in connection with the value and the loss described by Felman.  According to Mt. Hawley, it neither accepted nor rejected Felman's claim at this time.

On May 1, 2009, after approximately one year of inconclusive coverage discussions with its primary insurers, Felman filed this suit.  As defendants, Felman named IRI, Swiss Reinsurance, and Westport Insurance Company ("Westport") (hereinafter collectively referred to as "Defendants" or "IRI").  The latter two, Swiss Reinsurance and Westport, are the two of two member companies in

IRI's unincorporated association. In its Complaint, Felman claims that each of these three entities is directly liable to it for: (1) breach of IRI's insurance contract with Felman, and (2) damages arising out of IRI's bad faith failure and/or refusal to discharge its responsibilities under the IRI Policy. Also in the Complaint, Felman claims a combined property damage and business interruption loss exceeding $39,000,000. Nowhere in the Complaint, however, is there any mention of Mt. Hawley and/or of Felman's excess insurance policy.

This litigation is currently in the discovery phase. According to the August 26, 2009, Scheduling Order, all discovery requests are to be completed by December 28, 2009, and all depositions by February 10, 2010. Dispositive motions must be filed by March 3, 2010, and trial is set for April 26, 2010. Additionally, there is a motion to amend the August 26, 2009, Scheduling Order pending before the Court (Doc. #85).

### Mt. Hawley's Motion to Intervene

Mt. Hawley filed a motion to intervene in this action on November 3, 2009 (Doc. #75). Mt. Hawley moves to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a) and, in the alternative, for permissive intervention pursuant to Rule 24(b). Mt. Hawley seeks to intervene on the grounds that its excess insurance policy will be implicated if Felman is able to (1) establish coverage and (2) prove a combined repair and business interruption loss exceeding $25,000,000.

Defendants IRI, Swiss Reinsurance and Westport do not oppose Mt. Hawley's motion to intervene. *See Defs.' Resp. to Mt. Hawley's Mot. to Intervene (*Doc. #93). Felman, however, opposes the motion as (1) premature or (2) untimely. *See Pl.'s Memo. In Opp'n to Mt. Hawley's Mot. to Intervene* (Doc. #92). Felman argues that Mt. Hawley's motion is premature because

"insurance coverage under the Mt. Hawley policy is not triggered unless and until the $25 million primary policy limit is exhausted" and "any coverage dispute concerning Mt. Hawley's excess insurance policy is [therefore] not ripe for this Court's review." *Id.* at 1-2. In the alternative, Felman argues that Mt. Hawley's motion is untimely because "[d]iscovery is well under way in this case." *Id.* at 2.

## Standard of Review

Federal Rule of Civil Procedure 24(a) provides intervention of right, on a timely motion, to anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Fed. R. Civ. P. 24(a)(2)*. Accordingly, the Fourth Circuit has established a three-part test for intervention as a matter of right. *See, e.g., Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986); *Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991). This test closely tracks the language of Rule 24(a)(2), requiring the moving party show that (1) it has an interest in the subject matter of the action, (2) the protection of this interest would be impaired because of the action, and (3) its interest is not adequately represented by the existing parties to the litigation. *See, e.g., Feller*, 802 F.2d at 729; *Teague*, 931 F.2d at 260-61.

Federal Rule of Civil Procedure 24(b) provides permissive intervention, on a timely motion, to anyone who "has a claim or defense that shares with the main action a common question of law or fact." *Fed. R. Civ. P. 24(b)*.

## Analysis

There is a policy in the Fourth Circuit favoring "liberal intervention" and preventing the

"problem of absent interested parties." *Feller*, 802 F.2d at 729 ("At the outset, we note that liberal intervention is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process.") (internal quotations omitted). Accordingly, Mt. Hawley's motion is **GRANTED.**

Mt. Hawley satisfies the Fourth Circuit's three-part test for intervention as a matter of right. Felman claims a total loss arising out of the April 27, 2008, furnace failure in excess of $39,000,000 and thus sufficient to trigger coverage under the Mt. Hawley Policy. Furthermore, Felman tendered a claim related to the furnace failure to Mt. Hawley on or about August 13, 2009, and has requested Mt. Hawley "confirm coverage" for this loss on two occasions.[1]

Based on these facts, Mt. Hawley (1) has a "significantly protectable interest" in the subject matter of this litigation, *see, e.g., Teague*, 931 F.2d at 261 ("While Rule 24(a) does not specify the nature of the interest required for a party to intervene as a matter of right, the Supreme Court has recognized that '[w]hat is obviously meant ... is a significantly protectable interest.") (quoting *Donaldson v. United States,* 400 U.S. 517, 531 (1971)); *Maryland Cas. Co. v. W.R. Grace & Co.*, 1996 WL 34154, *2 (S.D. N.Y. 1996) ("As excess insurers at levels that may be reached in this case, the [parties seeking intervention] clearly have such an interest."); *Geico Gen. Ins. Co. v. Shurak*, 2006 WL 1210324, *2 (N.D. W.Va. 2006) ("[Underinsured motorists carrier] has a substantial interest in this civil action because it may be liable to [the injured parties] for any amount of damages that exceeds the limits of the [] insurance policy proceeds that they may receive from this

---

[1] *See Pl.'s Letter to IRI,* March 19, 2009 (Doc. #75-1, Ex. 2) ("Mt. Hawley ... is hereby requested to respond regarding coverage and damages within the time frames set forth below. ... IRI is requested to confirm coverage by March 23, 2009 and ascertain the loss by March 27, 2009."); *Pl.'s Letter to Mt. Hawley,* July 24, 2009 (Doc. #75-1, Ex. 5) ("Please confirm coverage under the Policy at your earliest convenience.").

complaint."), and (2) will suffer a practical impairment if it is not allowed to intervene. *See Shurak*, 2006 WL 1210324, \*2 ("This element of the test requires a court to determine the practical consequences of the litigation."). Additionally, Mt. Hawley's interest is not adequately represented by the existing parties to this litigation, because Defendants IRI, Swiss Reinsurance and Westport's interests are not coextensive with Mt. Hawley's.[2] *See, e.g., Teague*, 931 F.2d at 262 ("[T]he Supreme Court's determination [is] that the burden on the applicant of demonstrating a lack of adequate representation 'should be minimal.'") (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)). Said differently, because Felman seeks to prove coverage and damages in an amount that triggers Mt. Hawley's excess insurance policy, a judgment favorable to Felman would force Mt. Hawley into the compromising position of needing to attack this Court's decision on both legal and factual grounds, a possibility which provides sufficient grounds upon which to **GRANT** Mt. Hawley's motion.[3]

Felman does not contest this conclusion directly. Rather, Felman argues the Court should exercise its wide discretion regarding intervention to deny Mt. Hawley's motion on the ground that

---

[2]Although Defendants and Mt. Hawley both have an interest in contesting coverage and in limiting Felman's damage claim, these interests are not identical. To the contrary, Defendants' interest in limiting Felman's damages ceases at the point Mt. Hawley's is triggered, because, if Felman is able to prove damages exceeding $25,000,000, the burden of covering such damages shifts from Defendants to Mt. Hawley.

[3]*See Teague*, 931 F.2d 259 (finding an interest contingent upon the outcome of other pending litigation constitutes a "significantly protectable interest"); *Feller,* 802 F.2d at 730 (finding an interest "substantially contingent upon" the outcome of other litigation sufficient to warrant intervention); *Maryland Cas. Co.,* 1996 WL 34154, \* 2 ("[Excess insurers] might suffer practical disadvantage from decisions issued in this case if they attempted to relitigate the issues in a later action."); *Shurak*, 2006 WL 1210324, \*2 ("[Underinsured motorists carrier] would be unable to protect its interest in the distribution of [] insurance policy proceeds if it were denied intervention[.]"); *Trbovich*, 404 U.S. at 538 n. 10 ("The requirement of the Rule is satisfied if the applicant shows representation of his interest 'may be' inadequate.").

it is either premature or untimely. *See Mountaintop Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 365-66 (3rd Cir. 1995) ("The timeliness of a motion to intervene is determined from all the circumstances and, in the first instance, by the [trial] court in the exercise of its sound discretion."); *Gould v. Alleco, Inc.,* 883 F.2d 281, 284, 286 (4th Cir. 1989) ("The Supreme Court has held that [the] timeliness requirement is determined by a court in the exercise of its discretion and that a ruling will not be disturbed on appeal unless this discretion is abused."). Specifically, Felman argues that Mt. Hawley's interest is unripe because "(1) there can be no coverage under the Mt. Hawley excess policy unless and until the primary policy is exhausted and (2) the primary policy has not yet been exhausted." *See Pl.'s Memo. In Opp'n to Mt. Hawley's Mot. to Intervene* (Doc. 92) at 4. In the alternative, Plaintiff argues that Mt. Hawley's motion is untimely because "[d]iscovery is well under way" and "Mt. Hawley waited [] five months before attempting to intervene." *Id.* at 2, 8.

With regard to its contention that Mt. Hawley's motion is unripe, Felman argues that "[a]ny such ruling at this stage would [] be merely advisory, and it is axiomatic that this Court cannot issue advisory opinions contingent on future events." *Id.* at 5 (citing *United States Nat'l Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 444 (1993) and *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). The Court finds this argument unconvincing. Felman claims combined property damage and business interruption loss exceeding $25,000,000 and therefore implicating the Mt. Hawley Policy. On or about August 13, 2008, Felman tendered a claim to Mt. Hawley related to the April 27, 2008, furnace failure, for which it has twice requested Mt. Hawley confirm coverage. Accordingly, the Court **FINDS** that Felman has taken sufficient action to establish an actual controversy between itself and Mt. Hawley, thus rendering this action justiciable. *See Maryland*

*Cas. Co. v. Pac. Coal Co.*, .312 U.S. 270, 273-74 (1941) (finding an actual controversy exists between an insurer and a third party that filed suit against its insured).

Finally, Felman opposes Mt. Hawley's motion as untimely. As an initial matter, the Court agrees with Plaintiff that any motion for intervention must be denied if it is not timely. *See, e.g., Gould,* 883 F.2d 281 (affirming district court's denial of a motion to intervene during settlement phase as untimely); *Mountaintop Condo. Ass'n*, 72 F.3d at 365-66 ("A] non-party is permitted to intervene under [Rule] 24(a)(2) only if ... the application for intervention is timely[.]"). When determining whether a motion to intervene is timely, "[a] reviewing court should look at how far the suit has progressed, the prejudice which delay might cause other parties, and the reason for the tardiness in moving to intervene." *Gould*, 883 F.2d at 286. Felman argues Mt. Hawley's motion is untimely because (1) intervention will render the current discovery schedule unworkable; (2) Mt. Hawley has offered no explanation for its delay in filing the motion; and (3) Felman will be prejudiced by the intervention (a) because of the effect it will have on the company's discovery plan and schedule, and (b) because intervention will result in the introduction of new legal issues, unique to determining coverage (or the lack thereof) under the Mt. Hawley Policy.

In light of the Fourth Circuit's liberal policy in favor of intervention, the Court **FINDS** Felman's arguments unpersuasive. *See Feller*, 802 F.2d at 729 ("[The Court] note[s] that liberal intervention is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process. ... [and] [w]e have no intention of fostering in this litigation the [] problem of absent interested parties."). Although intervention may contribute to discovery delays, a motion to amend the scheduling order is currently pending before the Court and the current discovery schedule may consequently be found unworkable even

-8-

without intervention. Additionally, discovery in this case is not so far along as Plaintiff contends. To date, no depositions have been noticed or taken and only one dispositive motions has been filed.[4] As a result, the Court **FINDS** Mt. Hawley's motion timely and **GRANTS** it accordingly.[5] *See Mountaintop Condo. Ass'n*, 72 F.3d at 370 (finding motion to intervene timely where, although some written discovery and settlement negotiations had occurred, no depositions were taken or dispositive motions filed).

### Defendants' Motion to Amend Scheduling Order

As a result of adding a new party, the Court **DIRECTS** the Clerk to terminate the August 26, 2009 Scheduling Order. Accordingly, Defendants' Motion to Amend Scheduling Order is **DENIED as moot.** The Court therefore sets the following dates:

By **December 28, 2009,** Interveror Mt. Hawley Insurance Company shall file motions under FR Civ P 12(b), together with supporting briefs, memoranda, affidavits, or other such matter in support thereof. (All motions unsupported by memoranda will be denied without prejudice pursuant to LR Civ P 7.1(a).) By **January 8, 2010,** the parties are to meet and file a Rule 26(f) meeting Report — See Scheduling Order Worksheet, available on the Court's website and at LR Civ P 16.1. Upon receipt of the report, the Court will enter a new scheduling order in this matter.

---

[4] Plaintiff has filed a Motion for Partial Summary Judgment (Doc. #87) regarding the property damage portion of its insurance claim. However, because the business interruption loss asserted by Felman accounts for the vast majority of its total loss, a decision on this motion will not fully dispose of the action.

[5] The Court notes that it is nonetheless conscious of Plaintiff's concerns regarding the discovery schedule and that it will address these concerns when it resolves the pending motion to amend the scheduling order. The parties can expect the Court to do so promptly.

**Conclusion**

Upon timely motion, Mt. Hawley claims an interest relating to the subject matter of this litigation. Mt. Hawley is so situated that the disposition of the action might, as a practical matter, impair or impede its ability to protect this interest and thus, because Mt. Hawley's interest is not adequately represented by the existing parties, the Court **GRANTS** its motion. *See Fed. R. Civ. P. 24(a)*. Because the Court **GRANTS** intervention as a matter of right, it need not address the claim for permissive intervention. Further, because a new party has been added to this case, the August 26, 2009 Scheduling Order is terminated and Defendants' Motion to Amend Scheduling Order is **DENIED as moot.**

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: December 16, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE