```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                       HUNTINGTON
```

**MT. HAWLEY INSURANCE COMPANY,**

      **Intervenor Plaintiff,**

**v.**

**FELMAN PRODUCTION, INC.,**

      **Plaintiff,**

**v.**                                              **Case No. 3:09-cv-00481**

**INDUSTRIAL RISK INSURERS,**
**WESTPORT INSURANCE COMPANY, and**
**SWISS REINSURANCE AMERICA CORPORATION,**

      **Defendants.**

## O R D E R

By Order entered February 23, 2010 (docket # 215), the presiding District Judge, the Hon. Robert C. Chambers, referred the motion to compel filed on February 4, 2009, by defendant Industrial Risk Insurers ("IRI") (# 176) to the undersigned magistrate judge. Plaintiff Felman Production, Inc. ("Felman") has filed a (corrected) response in opposition (# 219). The undersigned has read all transcripts of hearings before Judge Chambers and Magistrate Judge Taylor.

IRI's motion seeks an order compelling Felman to provide a full and complete response to Interrogatory No. 1 of IRI's Second Interrogatories. Interrogatory No. 1 reads as follows:

> From January 2006 to present, please describe in detail every effort Felman made to locate a replacement or spare transformer for Furnace No. 2, including an identification of the companies or people you contacted, the dates of contact, the requests you made, and the results of the inquiries, and identify all documents supporting your response.

(# 176, at 2.) Felman's response includes an objection to the timeframe of the interrogatory as being overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Felman limited its answer "from the time of the April 2008 failure to the time that [Felman] determined that it could not find a replacement transformer." (# 176, Ex. G, at 3.) The answer recites that Steven Pragnell, Felman's CEO, began in May of 2008 to try to obtain another transformer. Id. at 4.

IRI met and conferred with Felman, without success. IRI contends that Felman bears the burden of proving that the information IRI seeks is not discoverable and that Felman's attempt to limit the time period is inappropriate. (# 176, at 3-4.)

Felman correctly notes that IRI cited to the wrong standard of discoverability, and that relevancy is judged not by subject matter but by claim or defense. (# 219, at 2-3.) Felman claims that a recommendation that Felman have a back-up transformer has no relevance to this case, as IRI should have investigated the matter further before writing the policy. Id. at 3-6.

In an Order entered December 10, 2009, nearly two months before the motion to compel was filed, Magistrate Judge Taylor

wrote the following:

> Recognizing that evidence with respect to the condition and performance of Furnace No. 2 and its operation in conjunction with the operation of Furnace No. 5 and Furnace No. 7 may not be extensive, it appears to the Court that evidence relating to periods both before and after the shut down of the furnace [No. 2] should be discoverable and, if not ultimately admissible, clearly might lead to the discovery of admissible evidence.

(# 115, at 2.) The undersigned concurs with Magistrate Judge Taylor's conclusion and **FINDS** that the operation of Furnace No. 2 prior to the transformer failure, and the availability and condition of any back-up transformer are relevant to the parties' claims and defenses and therefore discoverable. It is hereby **ORDERED** that IRI's motion to compel (# 176) is granted, and Felman is directed to serve a supplemental response within fourteen days of the entry of this Order. Pursuant to Rule 37(a)(5)(A), the court further **FINDS** that IRI attempted in good faith to obtain the discovery without court action, that Felman's response was not substantially justified, and that there are no other circumstances which make an award of expenses unjust. The court hereby gives Felman and IRI an opportunity to be heard concerning IRI's reasonable expenses incurred in making the motion, including attorney's fees. IRI shall file its affidavit of expenses within seven days of the entry of this Order, and Felman shall file its response, including a statement as to the identify of the party or attorney advising the conduct which necessitated the motion, within seven days of the filing of IRI's affidavit.

The Clerk is directed to transmit this Order to all counsel of record.

ENTER: February 24, 2010

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge