IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

FELMAN PRODUCTION, INC.,
a Delaware corporation,

        Plaintiff,

v.                              CIVIL  ACTION  NO.  3:09-0481

INDUSTRIAL RISK INSURERS,
an unincorporated association, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

       Pending before the Court are Plaintiff Felman Production, Inc.'s ("Felman") Motion for Partial Summary Judgment on Undisputed Portions of Plaintiff's Insurance Claim (Doc. 87), Defendants Industrial Risk Insurers ("IRI"), Westport Insurance Company ("Westport"), and Swiss Reinsurance America Corporation's ("Swiss Reinsurance") (hereinafter "Defendants") Motion for Leave to File a Surreply to Felman's Reply Memorandum in Support of Motion for Partial Summary Judgment (Doc. 134), and Felman's Motion to Strike Defendants' Surreply (Doc. 137). For reasons appearing to the Court, Defendants' motion for leave is **GRANTED** and Felman's motion to strike is **DENIED**. Further, for the reasons stated below, Felman's motion for partial summary judgment is **DENIED as premature.**

## Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper if "the pleadings, the discovery and disclosure of materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. In other words, the availability of summary judgment turns on whether a proper jury question exists in a pending case. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158-59 (1970).

In considering a motion for summary judgment, the Court draws any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). The Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Nonetheless, the nonmoving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor," *Anderson*, 477 U.S. at 256, and, if the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, an evidentiary showing sufficient to establish that element, then summary judgment will be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

2

**Analysis**

Felman seeks partial summary judgment against Westport in the amount of $851,780.44,[1] claiming that this is the sum it is entitled to, in excess of the applicable $100,000 deductible, as a result of its property damage claim against Westport. *See* Doc. 88. In their initial Response to Felman's motion, Defendants opposed summary judgment, contending, specifically, that summary judgment is not appropriate here because: (1) in October 2008, the defendants provided Felman with an advance payment on its claim, made pursuant to a full reservation of rights, of $5,000,000.00, and Felman has not since provided sufficient evidence to prove that it is entitled to any amount over and above this advance; and (2) Felman's motion for partial summary judgment rests upon inadmissible hearsay. *See generally* Doc. 113. Additionally, in their Response, Defendants state that their advance payment to Felman was made during, and in light of, their on-going investigation of Felman's coverage claim, *id.*; that, when making the advance payment, "IRI reserved all rights under the Policy to continue its investigation of the claim," *id.* at 5-6; and that "[b]efore IRI completed its investigation and adjustment of Felman's insurance claim, Felman prematurely terminated the adjustment by filing this lawsuit." *Id.* at 6.

Attached to their Response, Defendants provided the affidavit of Kenneth Eagen, Assistant Vice President, Claims Manager, Large Corporate and Specialty at IRI. *See* Doc. 113-1. In his affidavit, Mr. Eagen provides confirmation of the defendants' statements, attesting: (1) that neither IRI's adjustment or investigation of Felman's claim was complete at the time it paid Felman the

---

[1]This is the amount, in excess of the deductible, that Felman asserts it paid to repair Furnace #2 at its New Haven, West Virginia, metals plant, which failed on or about April 27, 2008, and which Felman asserts is covered by its commercial property insurance policy with Westport.

$5,000,000 advance payment, *see Eagen Affidavit* (Doc. 113-1, Ex. A), ¶¶ 7 & 9; (2) that, when it made such advance payment, IRI reserved all rights under its insurance policy, so that it could continue its investigation of the claim, *id.* at ¶ 9; (3) that IRI did continue to investigate the claim after making its advance payment to Felman, *id.* at ¶ 10; and (4) that Felman prematurely terminated IRI's investigation, before such investigation or adjustment were complete, by filing the instant lawsuit. *Id.* at ¶ 11.

Felman replied to the defendants' Response, on December 15, 2009, arguing that no dispute of material fact exists in this matter because: the evidence submitted shows that the property damage claim, after subtracting the applicable $100,000 deductible, totals $851,780.44, *see generally* Doc. 121, and because, according to Felman, "[the defendants] never [in their response] challenge[d] the assertion that Felman's property damage is covered by the Policy and, therefore, is payable." *Id.* at 2.

Drawing all reasonable inferences in favor of the defendants, the Court disagrees with Felman's contention. To the contrary, the Court finds that, when viewed in the light most favorable to the defendants, their Response and Kenneth Eagen's affidavit create a genuine issue of material fact regarding whether coverage has been established under the relevant commercial property insurance policy. The Court finds that such a genuine issue of material fact is established, even though, as Felman suggests, the defendants do not explicitly contest coverage in their Response. Further, this conclusion – that the coverage issue remains in dispute – is supported not only by the defendants' Surreply, which the Court grants leave to file herein, but also by a *sua sponte*, commonsense review of the record. First, both the defendants' Answer (Doc. 11), and the defendants' Amended Answer (Doc. 268), raise affirmative defenses that suggest that the relevant

4

insurance policy may be void.  Moreover, the record is littered with repeated and continued discovery disputes, some of which pertain to the coverage issue.  As a result, the Court **FINDS** that the coverage issue remains a genuinely disputed material fact, agreeing with the defendants that summary judgment is not appropriate at this juncture.  Accordingly, Felman's motion for partial summary judgment is **DENIED as premature.**

### Conclusion

Defendants' motion for leave is **GRANTED** and the Clerk is **DIRECTED** to **FILE** the defendants' Surreply (Doc. 134, Ex. A), with an effective filing date of **December 28, 2009.** Felman's motion to strike Defendants' Surreply is **DENIED** and, finally, Felman's motion for partial summary judgment is **DENIED as premature.**  The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        March 15, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

5