UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON

MT. HAWLEY INSURANCE COMPANY,

       Intervenor Plaintiff,

v.

FELMAN PRODUCTION, INC.,

       Plaintiff,

v.                               Case No. 3:09-cv-00481

INDUSTRIAL RISK INSURERS,
WESTPORT INSURANCE COMPANY, and
SWISS REINSURANCE AMERICA CORPORATION,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants' Motion to Compel Plaintiff [Felman Production, Inc.] to Identify by Bates Number Which Electronically Stored Information Responds to Each of IRI's Document Requests or, in the Alternative, for the Appointment of a Special Master (docket # 197). In the Motion and in their Reply, Defendants assert that every page produced by Plaintiff Felman is stamped "Confidential," including an excessive number of utterly irrelevant documents.[1]   (# 197, at 2; # 285, at 102.)   The Motion

---

[1]   Examples of such irrelevant documents are found at # 197-9, Exhibit I, and include a photo of a kitten, a photo of apparently naked men, an employment announcement, vacation arrangements, advertisements, spam and various manuals.  Defendants' Reply (# 285) includes Exhibit B, which is a hard drive of 14.3 gigabytes of so-called "junk documents."

takes issue with several aspects of Felman's production of discovery documents; this Memorandum Opinion and Order will address only the marking of each document as "Confidential."

Plaintiff's Response does not admit or deny the allegation; in a footnote, Plaintiff wrote the following:

> Finally, Defendants complain about Felman's confidentiality designations; however, this Motion is not the appropriate vehicle for challenging confidentiality designations. The Court has specified procedures for doing so in its Confidentiality and Protective Order. If Defendants truly want to challenge those designations, they should do so pursuant to the protective order procedures.

(# 259, at 13 n.6.)

Defendants' Reply makes clear that Defendants are not challenging the marking of any particular document; they take issue with Felman's designation of <u>every</u> document as "Confidential." (# 285, at 10.)

The Court **FINDS** that Defendants' Motion is an appropriate vehicle to challenge Felman's actions.

The Protective Order entered August 11, 2009 (# 24) by the Hon. Robert C. Chambers, District Judge, reads, in pertinent part, as follows:

> A. If a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each such document or other material as **"CONFIDENTIAL."**

2

B. If a party or an attorney for a party disputes whether a document or other material should be marked **"CONFIDENTIAL,"** the parties and/or attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the party or attorney challenging the **"CONFIDENTIAL"** designation shall do so by filing an appropriate motion.

The form protective order on the Court's website, which was used by the parties, is provided to assist counsel in discovery of relevant documents without the expense of negotiating the terms of such an order. It was written carefully and restrictively, in conformity with applicable precedent, to limit those documents which are withheld from public view. The form protective order is consistent with Rule 26(c)(1), Fed. R. Civ. P., and is intended to protect a party or person from potential annoyance, embarrassment, oppression, or undue burden or expense and, if necessary, to limit revelations of trade secrets or other confidential research, development, or commercial information. It specifies the terms for disclosures and discovery of materials needing protection.

The Court's expectations are reflected in Local Rule 26.4(a) which states:

If a party, or parties jointly, seek entry of a protective order to shield information from dissemination, the movant or movants must demonstrate with specificity that (1) the information qualifies for protection under FR Civ P 26(c), and (2) good cause exists for restricting dissemination on the ground that harm would result from its disclosure.

"The common law presumes a right of the public to inspect and copy all 'judicial records and documents.'" <u>Virginia Dep't of State</u>

3

<u>Police v. Washington Post</u>, 386 F.3d 567, 575 (4th Cir. 2004) (quoting <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 597 (1978)).  While there are reasons for restricting access, such as unfairly gaining a business advantage, such factors must "heavily outweigh the public interests in access," and "[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." <u>Id.</u> (quoting <u>Rushford v. New Yorker Magazine, Inc.</u>, 846 F.2d 249, 253 (4th Cir. 1988)).

> Ultimately, under the common law the decision whether to grant or restrict access to judicial records or documents is a matter of a district court's "supervisory power," and it is one "best left to the sound discretion of the [district] court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." <u>Nixon</u>, 435 U.S. at 598-99.

<u>Virginia Dep't of State Police</u>, <u>id.</u>

The Court **FINDS** that Felman's marking of each page of discovery documents as **"CONFIDENTIAL"** violates this Court's Local Rule 26.4 and makes a mockery of the Court's form protective order. It is apparent that Felman cannot demonstrate with specificity that the documents qualify for protection under FR Civ P 26(c) and that good cause exists for restricting dissemination because harm would result from their disclosure.  The Court further **FINDS** that Felman failed to proceed in good faith when it marked all the documents or other materials as **"CONFIDENTIAL."**

The marking of a document as **"CONFIDENTIAL"** triggers the

applicability of various requirements with respect to the handling of that document. Those who see the document must be given a copy of the Protective Order, informed that they are bound by the Protective Order, and required to sign an acknowledgment of receipt of the Protective Order. A list of such persons who have seen the documents must be maintained. Documents so marked must be returned at the conclusion of the case, with a certificate of compliance. These requirements necessarily increase the costs of the litigation and impose burdens on the handling of documents.

The parties shall be heard on the appropriate remedies and sanctions to be imposed for Felman's violation of Local Rule 26.4 and its abuse of the Court's form protective order. It is hereby **ORDERED** that Defendants' submission shall be filed no later than **March 31, 2010;** Felman's response shall be filed no later than **April 5, 2010.**

The Court notes that by signing the Protective Order and presenting it to United States District Judge Robert C. Chambers for entry, local counsel certified that to the best of their knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that the Protective Order was not "being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Rule 11(b)(1), Fed. R. Civ. P. Moreover, the signatures accompanying Felman's discovery responses, pursuant to

Federal Rule of Civil Procedure 26(g), constitute a certification that the discovery responses are consistent with the Federal Rules of Civil Procedure, are "not interposed for any improper purpose" and are "neither unreasonable nor unduly burdensome or expensive."

The Clerk is directed to transmit this Memorandum Opinion and Order to all counsel of record.

ENTER:  March 25, 2010

_Mary E. Stanley_
Mary E. Stanley
United States Magistrate Judge