```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA

                        HUNTINGTON
```

**MT. HAWLEY INSURANCE COMPANY,**

       **Intervenor Plaintiff,**

**v.**

**FELMAN PRODUCTION, INC.,**

       **Plaintiff,**

**v.**                                  Case No. 3:09-cv-00481

**INDUSTRIAL RISK INSURERS,**
**WESTPORT INSURANCE COMPANY, and**
**SWISS REINSURANCE AMERICA CORPORATION,**

       **Defendants.**

## O R D E R

This case concerns Felman Production, Inc.'s ("Felman") claim under a commercial property insurance policy which it purchased on February 23, 2008 from Industrial Risk Insurers ("IRI"). Since 2006, Felman has owned and operated a plant in New Haven, West Virginia, which produces silicon-manganese for resale to steelmakers. Furnace # 2 is one of three furnaces which smelt the silicon-manganese product. The IRI policy covers both property damage and business interruption losses up to $25 million. Furnace # 2's operation is dependent upon a specialized and unique transformer. Furnace # 2's transformer failed in May, 2007, and was under repair until early April, 2008. (Felman's Supplemental

Answer to Interrogatory No. 1, docket # 240-1, at 4-5; IRI's Motion to Compel, # 69, at 5.) On April 27, 2008, Furnace # 2's transformer failed again; the failure rendered Furnace # 2 inoperable and resulted in both physical damage to the structure and business interruption losses. On May 9, 2008, Felman reported the failure to IRI, seeking coverage under its policy. On August 22, 2008, Felman submitted a Proof of Loss to IRI, claiming losses in excess of the policy limits.

By Order entered February 24, 2010 (# 223), the undersigned granted IRI's motion to compel Felman to answer IRI's Interrogatory No. 1 (# 176), and found that Felman's objections to the interrogatory were not substantially justified. Pending before the court is Felman's motion to reconsider (# 240) the finding that the objections to the interrogatory were not substantially justified. IRI has responded in opposition (# 277). Felman filed a reply (# 303).

> Interrogatory No. 1 reads as follows:
>
> From January 2006 to present, please describe in detail every effort Felman made to locate a replacement or spare transformer for Furnace No. 2, including an identification of the companies or people you contacted, the dates of contact, the requests you made, and the results of the inquiries, and identify all documents supporting your response.

(# 176-7, Ex. G at 2.) Felman's response to the motion to compel included an objection to the timeframe of the interrogatory as being overbroad, unduly burdensome and not reasonably calculated to

2

lead to the discovery of admissible evidence. Id. Felman limited its answer "from the time of the April 2008 failure to the time that [Felman] determined that it could not find a replacement transformer." Id.

In an Order entered December 10, 2009, nearly two months before the motion to compel was filed, Magistrate Judge Taylor wrote the following:

> Recognizing that evidence with respect to the condition and performance of Furnace No. 2 and its operation in conjunction with the operation of Furnace No. 5 and Furnace No. 7 may not be extensive, it appears to the Court that evidence relating to periods both before and after the shut down of the furnace [No. 2] should be discoverable and, if not ultimately admissible, clearly might lead to the discovery of admissible evidence.

(# 115, at 2.) In the Order granting the motion to compel, the undersigned concurred with Judge Taylor's conclusion that the time period before the April 27, 2008 shutdown is relevant (# 223 at 3).

### Felman's Grounds for Reconsideration

Felman contends that the undersigned should reconsider the ruling because Magistrate Judge Taylor's December 10, 2009 Order was in error. (# 241, at 4.) Felman claims that Judge Taylor's language, "both before and after the shut down of the furnace," was a misstatement and that Judge Taylor meant to write, "both before and after the purchase of the plant." Id.

Felman's second reason for reconsideration is that the discovery request at issue before Judge Taylor is different than the discovery request considered by the undersigned. Id. at 5. It

asserts that the issue before Judge Taylor was Felman's business interruption <u>claim</u>, and the dispute before the undersigned concerns IRI's <u>defense</u> that the insurance policy is void due to Felman's failure to disclose material information truthfully, and to mitigate its damages. <u>Id.</u> at 5-6. Felman concedes that "Interrogatory No. 1 seeks some information arguably relevant" to IRI's defense that the insurance policy is void, but points out that IRI did not raise this defense until after it filed its motion to compel. <u>Id.</u> at 6. Thus Felman is arguing that discovery regarding a spare transformer may be relevant now, but it was not relevant when the motion to compel was filed or when Judge Taylor issued his ruling. <u>Id.</u> at 6-7.

Felman's third reason for reconsideration is that the undersigned's finding that Felman's position was not substantially justified was inappropriate because no bad faith was shown. <u>Id.</u> at 9-10. In support of its position that bad faith must be shown, Felman cites to two cases decided by Magistrate Judge VanDervort of this District: <u>Green v. Rubenst[ei]n</u>, No. 5:07-cv-0363 (S.D. W. Va. Aug. 19, 2009), and <u>Milam v. Peake</u>, No. 5:08-cv-1437 (S.D. W. Va. June 25, 2009).

### IRI's Position

IRI asserts that Felman's motion for reconsideration is unwarranted in that Felman has failed to show the circumstances in which such a motion is appropriate. (# 277, at 2-3.) IRI suggests

4

that the motion itself is not substantially justified. <u>Id.</u> at 3. In addition, IRI contends that Interrogatory No. 1 sought relevant information and that Felman's response to it was not substantially justified. <u>Id.</u> at 4-5.

### Felman's Reply

The reply reiterates its position that "sanctions are inappropriate" because Judge Taylor's December 10, 2009, Order contained "an inadvertent misstatement." (# 303, at 1.)

### Standard for Motion for Reconsideration

"An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment." <u>Fayetteville Investors v. Commercial Builders, Inc.</u>, 936 F.2d 1462, 1469 (4th Cir. 1991). Notwithstanding that precept, it is improper to file a motion for reconsideration simply to "ask the Court to rethink what the Court had already thought through - rightly or wrongly." <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983).

> The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

<u>Id.</u>

**Analysis**

The undersigned will address Felman's grounds in order. With respect to whether Judge Taylor made an "error" or "inadvertent misstatement" in his Order of December 10, 2009 (# 115), the Court is convinced that there is no basis for such an assertion. It is noted that Felman failed to move for reconsideration to alert Judge Taylor to his alleged mistake. More importantly, Felman failed to file an objection to the Order as required by Federal Rule of Civil Procedure 72(a): "A party may not assign as error a defect in the order not timely objected to." In addition, based on the undersigned's review of IRI's motion to compel (# 69), which was the subject of Judge Taylor's ruling, it is clear that Judge Taylor wrote exactly what he meant when he ruled that "evidence relating to periods both before and after the shut down of the furnace [No. 2] should be discoverable."

The undersigned is equally unpersuaded by Felman's assertion that Judge Taylor was addressing a different discovery dispute, *i.e.* Felman's "claim" versus IRI's "defenses." Felman's concession that the information is relevant now that IRI is raising a complete defense to Felman's claim eliminates any need to address this point further. Relevancy is not determined by whether evidence relates to a "claim" or a "defense."

Felman's third assertion is that IRI failed to show that Felman acted in bad faith. This argument is contrary to Federal

Rule of Civil Procedure 37(a)(5); in addition, Felman's citations to Judge VanDervort's <u>Green</u> and <u>Milam</u> decisions are inapposite. Rule 37(a)(5) provides that if a motion to compel is granted, a court "<u>must</u>, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (Emphasis added.) The exceptions to this mandate relate to the meet and confer obligation, substantial justification, and "other circumstances." A finding of bad faith is not required.

In <u>Green</u>, Judge VanDervort addressed a motion for imposition of sanctions pursuant to Rule 37(b), which under some circumstances may require a showing of bad faith. Cases have not imposed such an element on Rule 37(a). <u>Milam</u> also addressed Rule 37(b), not 37(a).

The Court will now address the grounds for a motion to reconsider. The undersigned has neither patently misunderstood a party nor made a decision outside the adversarial issues presented to the Court by the parties nor made an error of apprehension. There has not been a significant change in the law or the facts. Felman has conceded that the material is relevant now.

Neither Felman's original response to Interrogatory No. 1 nor Felman's motion to reconsider was substantially justified. The undersigned perceives no purpose or function of the motion to

reconsider and considers it to have been a waste of resources.  It is hereby **ORDERED** that the motion to reconsider (# 240) is denied.

The Court gives IRI an opportunity to submit a supplemental affidavit of its reasonable expenses incurred in opposing the motion to reconsider, including attorney's fees, because it is intertwined with the motion to compel.  IRI shall file its supplemental affidavit of expenses within seven days of the entry of this Order.  At the hearing on April 8, 2010, Felman will be expected to respond to the supplemental affidavit, and to identify the party or attorney(s) advising the filing and content of the original response to Interrogatory No. 1 and of the motion to reconsider.  Felman failed to file any response to IRI's application for attorneys' fees (# 238) and has waived any objection it might have regarding those billing records and costs.

The Clerk is directed to transmit this Order to all counsel of record.

ENTER: March 30, 2010

Mary E. Stanley
United States Magistrate Judge