```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                       HUNTINGTON
```

**MT. HAWLEY INSURANCE COMPANY,**

       Intervenor Plaintiff,

v.

**FELMAN PRODUCTION, INC.,**

       Plaintiff,

v.                                         Case No. 3:09-cv-00481

**INDUSTRIAL RISK INSURERS,**
**WESTPORT INSURANCE COMPANY, and**
**SWISS REINSURANCE AMERICA CORPORATION,**

       Defendants.

### O R D E R

Pending before the court is Defendants' application for attorneys' fees (# 321). Plaintiff Felman has responded in opposition (# 324). The court finds that Defendants' application fails to comply with the principles set forth in <u>Rutherford Controls Int'l Corp. v. Alarm Controls Corp.</u>, No. 3:08-cv-369, 2009 WL 4015357 (E.D. Va. Nov. 17, 2009), and <u>Mills v. East Gulf Coal Preparation Co.</u>, No. 5:08-cv-260, 2010 WL 1050359 (S.D. W. Va. Mar. 18, 2010), and the court's Order of April 9, 2010 (# 319). Accordingly, it is hereby **ORDERED** that Defendants' application is denied without prejudice.

If Defendants choose to file another application, they should

severely limit their request for fees, keeping in mind that Federal Rule of Civil Procedure 37(a)(5)(C) provides that if a motion to compel is granted in part and denied in part, the court may "apportion the reasonable expenses for the motion." The court denied significant portions of the motion to compel. Defendants must bear their own costs of reviewing the unresponsive documents which Felman produced to them, as specifically noted in the April 9 Order. It is the court's intention to award <u>reasonable</u> expenses only for the following activities:

Writing and filing the motion to compel (# 197);
Reviewing the response to the motion to compel;
Writing and filing the reply to the response;
Writing and filing the submission re: appropriate remedies and
    sanctions;
Reviewing Felman's submission re: appropriate remedies and
    sanctions;
Preparing for the hearing on the motion to compel (apportioned);
Attending and arguing the hearing on the motion to compel
    (apportioned).

Any application for reasonable expenses should comply with <u>Rutherford Controls</u> and <u>Mills</u> and should include a certification that duplicative efforts are not charged.

The Clerk is directed to transmit this Order to all counsel of record.

ENTER: May 6, 2010

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge