```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                      HUNTINGTON


MT. HAWLEY INSURANCE COMPANY,

        Intervenor Plaintiff,

v.

FELMAN PRODUCTION, INC.,

        Plaintiff,

v.                                    Case No. 3:09-cv-00481

INDUSTRIAL RISK INSURERS,
WESTPORT INSURANCE COMPANY, and
SWISS REINSURANCE AMERICA CORPORATION,

        Defendants.
```

## O R D E R

On June 30, 2010, the Court conducted a status conference with counsel present in person. During the conference, as set forth on the record, the parties agreed that by July 22, 2010, Felman will produce to Defendants certain documents and electronically-stored information ("ESI") which are in the possession of Sergei Maximenko and Katerina Vatutina. With respect to Defendants' requests for other documents and ESI in the possession of so-called Felman-related entities, the parties have met and conferred in an attempt to resolve their dispute. Defendants will file a motion to compel.

With respect to Defendants' responses to Plaintiff's re-drafted requests for documents nos. 27-29, if meeting and

conferring does not resolve the dispute, Plaintiff will file a motion to compel.

The parties have briefed the issue of whether Defendants can take the deposition of Dr. George Kusic, who was retained as an expert electrical engineer by the law firm of Marks & Sokolov, to assist the firm in advising Felman with respect to the cause of the failure of the transformer. The Court has regarded Plaintiff's Brief (# 340) as a motion for protective order. Defendants responded in opposition (# 352), Mt. Hawley joined Defendants' opposition (# 354), and Plaintiff replied (# 358).

The Court has reviewed documents *in camera* which include those relating to the retention of Dr. Kusic. The Court finds that he was retained to assist an attorney in providing legal advice to Felman concerning the failure of the transformer and the filing of an insurance claim. Accordingly, a derivative attorney-client privilege extended to communications with Dr. Kusic. *See* Edna Selan Epstein, The Attorney-Client Privilege and the Work-Product Doctrine, 151-60 (4th ed. 2001). When Dr. Kusic and Defendants' expert, Dr. Bert Davis, jointly viewed and photographed the de-tanking of the transformer, they became fact witnesses only as to their observations of that process.

At some point after the failure of the transformer and before May 1, 2009 (when Felman filed this case), Felman anticipated litigation with Defendants, but the Court does not know when that

conclusion was reached and has not attempted to discern it. Judge Taylor's conclusion that *Defendants* did not anticipate litigation on their potential subrogation claim until February 20, 2009, (Order entered March 25, 2010, # 296), is irrelevant to when *Felman* anticipated litigation against Defendants.

During December 2009 and January 2010, Felman produced a large number of documents to Defendants which included the inadvertent and careless production of 36 documents relating to Dr. Kusic, including his report as to the cause of the transformer's failure. Felman has attempted to clawback those 36 documents in its May 26, 2010 Notice of Recall. The Court, in its Memorandum Opinion and Order entered May 18, 2010 (# 334), addressed Felman's production and its efforts to clawback documents, and found that Felman and its counsel, Venable LLC, did not take reasonable steps to prevent disclosure of otherwise privileged documents. Accordingly, Felman was denied the protection of Federal Rule of Evidence 502(b). The Court incorporates herein its analysis set forth in the May 18 Memorandum Opinion and Order, and it is hereby **ORDERED** that Felman's May 26, 2010 Notice of Recall is denied, and Defendants need not return those documents to Felman. *See Continental Casualty Co. v. Under Armour, Inc.*, 537 F. Supp.2d 761, 768-69 (waiver of privilege as to certain materials only).

Whether or not Felman waived the attorney-client privilege as to Dr. Kusic, he remains (at least to date) a non-testifying

expert. Federal Rule of Civil Procedure 26(b)(4)(B) protects such an expert "who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial," from discovery of facts known or opinions held by him. Felman asserts that litigation was anticipated by the time Dr. Kusic and Dr. Bert Davis attended the de-tanking of the transformer on July 14-15, 2008, and Dr. Kusic rendered his report on July 18, 2008. (# 340, at 4.) Defendants argue that Felman is only now asserting work-product privilege and that it waived the privilege by not asserting it earlier as to Dr. Kusic. (# 352, at 2.)

As noted above, Dr. Kusic's documents, reports, and communications with Felman's attorneys were derivatively privileged from the date of his retention in May, 2008 until the privilege was waived in December 2009 and January 2010. No later than May 1, 2009 (when Felman filed suit against Defendants), Felman anticipated litigation against Defendants, began preparing for trial, and had work product protection for its non-testifying experts. Thus from sometime prior to May 1, 2009, and continuing until Felman produced privileged documents to Defendants, Felman had both attorney-client and work product protection as to Dr. Kusic. After the production of privileged documents, Felman retained work product protection as to Dr. Kusic. Defendants have failed to show any exceptional circumstances under which it is

4

impracticable for Defendants to obtain facts or opinions on the same subject by other means because their expert, Dr. Bert Davis, was present at the de-tanking of the transformer. Accordingly, it is hereby **ORDERED** that Felman's motion for a protective order (# 340) is granted.

The Clerk is directed to transmit this Order to all counsel of record.

ENTER: July 1, 2010

_Mary E. Stanley_
Mary E. Stanley
United States Magistrate Judge