```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                      HUNTINGTON
```

**MT. HAWLEY INSURANCE COMPANY,**

      **Intervenor Plaintiff,**

**v.**

**FELMAN PRODUCTION, INC.,**

      **Plaintiff,**

**v.**                                                          **Case No. 3:09-cv-00481**

**INDUSTRIAL RISK INSURERS,**
**WESTPORT INSURANCE COMPANY, and**
**SWISS REINSURANCE AMERICA CORPORATION,**

      **Defendants.**

### MEMORANDUM OPINION AND ORDER

On August 19, 2010, the Court entered a Memorandum Opinion and Order (docket # 398) which granted Defendants' motion to compel (# 372). Pending before the Court is plaintiff Felman's motion for partial reconsideration and/or modification of the August 19, 2010 Order (# 409). Defendants have responded in opposition (# 412), and Felman has replied (# 414).

Defendants' motion to compel concerned documents and electronically stored information ("ESI") of ten individuals collectively referred to as "Privat representatives." In the August 19, 2010 Order, the Court found that nine of the ten Privat representatives (excluding Victor Skiba) are custodians of

documents which are relevant to the claims and defenses of the parties in this action. (# 398, at 15.)

Felman's motion for partial consideration concerns certain statements in the August 19, 2010 Order which describe Felman's observance of corporate formalities. Felman asserts that the issue of whether Felman observed corporate formalities was not before the Court and certainly was not briefed. (# 409, at 2.)

The pertinent statements in the Order are as follows:

> At the hearing, counsel for Felman advised that Felman has no minutes of board of directors' meetings, because there is only one director (Marios Sarris) and "it is hard to have a meeting with yourself." (# 398 at 4.)

> The corporate formalities normally associated with an independent corporation are utterly lacking with respect to Felman. It does not have a functioning board of directors. Id. at 20-21.

> The exhibits submitted by Defendants establish that the Privat representatives have been "calling the shots" at Felman since their acquisition of the business without the observance of the normal corporate formalities. Id. at 25.

Felman points out that it is a Delaware corporation, authorized to transact business in West Virginia, and that Delaware law permits a corporation to have a single-member board of directors whose member may constitute a quorum. (# 409, at 3.) Felman also supplies a portion of its bylaws, which permit its single-member board to act through written resolution without holding a formal meeting. Id. at 4. Felman is concerned that the Court's characterization of Felman's board may have influenced its

2

decision to include Igor Kolomoiskiy and Alexey Martynov as custodians of documents and ESI to be produced. Id. at 5. Felman notes that the August 19, 2010 Order identifies Mr. Kolomoiskiy "as a Privat Bank shareholder and indirect owner of Felman, and as having hired Mordechai Korf to head Felman Trading, but does not otherwise identify any connection between Mr. Kolomoiskiy and the claims or defenses raised in this lawsuit. Id. Felman states that "the August 11 [sic; August 19] Order identifies Mr. Martynov as a Privat Bank shareholder (although the Privat Bank website lists him as owning zero shares) and as having issued certain approvals with regard to Felman's agency agreement with Glencore, but does not otherwise link him with any facts or witnesses specific to this case." Id. Felman requests that the Court exclude Messrs. Martynov and Kolomoiskiy as Privat Bank custodians, and amend the statements regarding Felman's corporate formalities. Id. at 6.

Defendants' Response contends that "the Court's holding that Felman has control over the nine additional custodians was based on evidence of their significant involvement in Felman's business operations and/or the insurance claim," and that the "Court's statements regarding Felman's failure to observe corporate formalities had no impact on the Court's holding that Felman has control of the nine additional custodians." (# 412, at 2-3.) Defendants then itemize what they have learned through discovery concerning the involvement of Messrs. Kolomoiskiy and Martynov.

Id. at 4-5. Defendants assert that the Court's statements (quoted above at page 2) are supported by the evidence. Id. at 5-6. Defendants ask that the Court deny the motion. Id. at 6.

Felman's Reply argues that the Court's statements do not appear to be *dicta* and that "there is little evidence, if any, to show that Mr. Martynov and Mr. Kolomoiskiy were 'calling the shots' in spite of Felman's independent corporate governance." (# 414, at 3.) Felman contends that the evidence shows, at best, an "indirect involvement in Felman's affairs." Id. at 4.

Corporate Formalities

Felman does not dispute the accuracy of the first of the three quoted sentences in the August 19, 2010 Order. There are apparently no minutes of board of directors' meetings and there is only one director, Marios Sarris, who may be a figurehead. The second and third quoted sentences are not critical of Felman's corporate structure; rather they were intended to describe how Felman's organization is different from a typical American business corporation in which the board of directors sets policies, meets frequently, receives reports from executives, considers executive compensation, visits on-site, and keeps minutes. In the absence of evidence to the contrary, the Court assumes that Felman complies with Delaware law with respect to its corporate governance. The purpose of making a distinction between familiar models of boards of directors and Felman's model is to explain why persons who are

4

neither directors, nor executives, nor employees of Felman are nonetheless custodians of Felman's documents and ESI for the purpose of Rule 34.

Messrs. Kolomoiskiy and Martynov

The August 19, 2010 Order included the following description of the roles played by these gentlemen, as indicated in the discovery materials culled by Defendants, and which, for the most party, are not disputed by Felman.

Igor Kolomoiskiy (Kolomoisky)
> 100% owner of Divot Enterprises, Ltd. (West Indies), which owns 100% of Haftseek Investments Ltd. (Cyprus), which owns 100% of Felman Production, Inc.; one of three shareholders of Privat Bank.
>
> This information regarding the ownership of Felman was provided in late 2007 to Felman's accounting firm, Suttle & Stalnaker of Charleston, WV, at the direction of Victor Skiba and Katerina Vatutina. (# 372-3, at 32-44.)
>
> On or about March 23, 2009, according to a representative of Glencore, Mr. Kolomoiskiy hired Mordecai Korf to head Felman Trading. (# 382, at 3 [sealed].)

Alexey Martynov (Martinov)
> One of three Shareholders of Privat Bank.[1]
>
> A September 29, 2008 email between Felman and Glencore indicates that "the main terms [of Gencore's agency agreement with Felman] were agreed months ago with Mr. Martinov." (# 382, at 8 [sealed].
>
> On October 9, 2008, Mr. Vatutina wrote an email to a Glencore representative that she "was authorized by Mr. Martynov to inform you that in case we will not have a signed copy of 2 agency agreements . . . as well as making payment for the

---

[1] This is the one fact disputed by Felman, who asserts that "the Privat Bank website lists Mr. Martynov as owning zero shares of Privat Bank, so his status as a 'shareholder of Privat Bank' is questionable, at the very least." [Citation to webside omitted.] (# 409, at 3 n.1.)

>   5000mt freight, . . . then all previous verbal agreements are to be considered as void." (# 377, at 74.)

(# 398, at 11.)

Felman's statement that the Privat Bank website currently indicates that Mr. Martynov owns no shares says little about his role with respect to Felman's operations during the time period which is critical to this action.

The Court declines to eliminate Messrs. Kolomoiskiy and Martynov as custodians of documents and ESI. Mr. Kolomoiskiy is the owner of the entities which own Felman; Mr. Martynov was an important negotiator of the Glencore agency agreement, which is one of the more critical documents in this action. Felman's form of corporate governance simply underscores the significance of the Privat representatives and undermines the authority of Felman's former Chief Executive Officer Mr. Pragnell. It is hereby **ORDERED** that Felman's motion to reconsider (# 412) is denied.

The Clerk is directed to transmit this Memorandum Opinion and Order to all counsel of record.

ENTER: October 19, 2010

Mary E. Stanley
United States Magistrate Judge

6