IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

FELMAN PRODUCTION, INC.,
a Delaware corporation,

               Plaintiff,

v.                                        CIVIL ACTION NO. 3:09-0481

INDUSTRIAL RISK INSURERS,
an unincorporated association, et al.,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff's Motion for Summary Judgment on Defendant's Common Law Fraud Counterclaim (Doc. # **515**). For the reasons given below, the motion is **DENIED**.

**I.
Background[1]**

Plaintiff Felman Production Inc., (" Felman") moves for summary judgment on Defendants Industrial Risk Insurers ("IRI") and member insurance agencies' ("Defendants") common-law fraud counterclaim. In their Counterclaim for Fraud and Breach of Contract (Doc. #379), Defendants allege that Felman's management misrepresented the facts in Felman's Proof of Loss and concealed the truth about Felman's business in its responses to the insurers' investigation of the alleged loss. In essence, Defendants claim that Felman submitted, as part of the Proof of Loss, statements and documents that falsely represented Felman's prospective sales from Furnace No. 2. Defendants also

---

[1]The factual background to this motion is discussed more fully in this Court's September 29, 2011 Order on Defendant's Motion for Summary Judgment–No Actual Loss Sustained.

claim that Felman misrepresented the effect of the Glencore Agency agreement when Defendants began adjusting the Proof of Loss claim, and withheld information about the declining market for silicomanganese ("SiMn"). Citing the "Concealment, Fraud" provisions in the insurance policy (Pl. Ex. 1), Defendants' counterclaim seeks dismissal of Plaintiff's Complaint, return of the $5.0 million advance payment made by the insurers to Felman, and an award of attorney fees and costs.

## II.
## Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

## III.
## Discussion

Plaintiff's Motion challenges the sufficiency of the evidence relied upon by Defendants in support of their counterclaim for fraud.  First, Plaintiff asserts that Defendants cannot prove the Proof of Loss was intentionally false or misleading at the time it was made, relying on the adage that a mere prediction of a future event may not be the basis of fraud.  See *Janssen v. Carolina Lumber Co.*, 73 S.E.2d 12, 17 (W. Va. 1952).  That general principle is inapplicable here.  The Proof of Loss and its supporting material were as much statements of Felman's current business as predictions of the future.  In particular, Defendants alleged that Felman fabricated support for the Proof of Loss when it was submitted and misrepresented its prospects for the sale of increased production.  Circumstantial evidence of fraud abounds and is easily enough to create a genuine issue as to the material facts.  That evidence includes Felman's efforts to create documentary support for its insurance claim through the O'Connell letter and Felman's agency agreement with Glencore.  Additionally, the Proof of Loss and post-submission representations made by Felman management to the effect that it could have produced and profitably sold more SiMn are contradicted by the emails, inventory records, and sales reports which reflected Felman's difficulties in selling what it produced from just two furnaces.  These questions are matters in dispute to be resolved by the jury.

Plaintiff next argues that even if there is evidence of fraud or misrepresentation, Defendants cannot demonstrate reliance.  As a matter of general law, reliance has long been considered an element of common law fraud claims.  *Lengyl v. Lint*, 280 S.E.2d 66, 69 (W. Va. 1981).[2]  Here,

---

[2] Some jurisdictions have excused or presumed reliance in the case of allegations of fraud
(continued...)

Plaintiff poses that since the insurers neither approved nor denied the claim, even after suit was filed, Defendants cannot have relied on the Proof of Loss or its supporting material. Plaintiff points to *Truck Insurance. Exchange v. Kafka*, 911 F. Supp. 313, 315 (N.D. Ill. 1995),where the court granted an insured's motion for summary judgment on insurer's common law fraud claim. There, the court, applying Illinois common law, held that the insurer "refused to rely on the truthfulness of the claim and investigated [the insured's] involvement. . . [insurer] turns the notion of reliance on its head by characterizing disbelief and denial of [insured's] claim as reliance." *Id*. at 315.

Many courts have reached the opposite conclusion, however, finding that reliance did not require the insurer to either pay or deny the claim. Instead, sufficient reliance has been found where the insurer undertook its investigation and adjustment of the claim as a result of the alleged fraudulent statements. The Sixth Circuit, examining Michigan law, held that an insurer relies on proof of loss submissions when it investigates the claim, reasoning that it would be unreasonable to require an insurer to "incur the 'injury' of paying what it believes to be a fraudulent claim before it can properly claim fraud." *J.C. Wyckoff & Assocs. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1486 n. 16 (6th Cir. 1991); *see also General Cas. Ins. Companies v. Holst Radiator Co.*, 88 F.3d 670, 672 (8th Cir. 1996) (reliance not an element of fraud in a loss claim under Missouri law); *American Family Mut. Ins. Co. v. Schley*, 978 F. Supp. 870, 876 (E.D. Wis. 1997) (applying Wisconsin law and adopting the reasoning of *Wyckoff*).

---

[2](...continued)
by an insured pursuing coverage. *See* 13 Lee R. Russ & Thomas F. Segalla, COUCH ON INSURANCE §197:19 (3d ed. 1999 & Supp. 2011). West Virginia has neither adopted nor rejected such a rule, but the existence of such a presumption in some jurisdictions provides some evidence that reliance is readily found in insurance claim cases. In this case, the Court need not decide this issue because Defendants easily establish reliance.

The Court is not aware of any West Virginia law setting a specific standard for reliance in insurance adjustment and therefore follows the *Wyckoff* line of cases, which better articulate the concept of reliance in the claim adjustment context. There is no doubt that Defendants relied on the Proof of Loss to investigate the claim. Although not sufficiently paced to satisfy Plaintiff, the insurers set out to adjust the claim by hiring an outside adjuster who dealt directly with Felman, by requesting and considering substantial information over a course of months, and by paying a $5.0 million advance payment to Felman, albeit with a reservation of rights. The jury may reasonably conclude that Defendants relied on Plaintiffs allegedly false Proof of Loss and supporting material.

### IV.
### Conclusion

For the reasons given above, Plaintiff's motion is **DENIED.** The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:   September 29, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE